UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

CRISTIAN JAVIER ATEHORTU ORTIZ,

    Petitioner,

v.                                                                                           No. 6:26-CV-00045-H

WARDEN, EDEN DETENTION
CENTER,[1]

    Respondent.

## ORDER

Before the Court is Petitioner Cristian Javier Atehortu Ortiz's emergency motions for expedited review, Dkt. No. 2, and for immediate release, Dkt. No. 3. Because the motions improperly request the ultimate relief sought in his pending habeas petition, Dkt. No. 1, the motions are denied. Additionally, the Court finds that Petitioner must cure the filing fee deficiency within 30 days.

1.   **Legal Standards**

It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court to choose the order in which to hear and decide pending matters. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). There is no statutory or constitutional right to the disposition of a habeas motion within a specific time. *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Eden Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

vacate sentence under 28 U.S.C. § 2255). Section 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

2. **Analysis and Conclusion**

First, in his motion for expedited review, Petitioner asserts that he has been detained for three months without justification or meaningful review. But Petitioner has not shown good cause for expedited briefing or for the Court's consideration of his habeas petition before older matters. Thus, Petitioner's motion to expedite is denied. Dkt. No. 2.

Second, "[t]he purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *See also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Ortiz "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo.*" *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Petitioner's motion for immediate release appears to request the same relief sought in his habeas petition. *See* Dkt. No. 3 at 2. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). But the ultimate relief he seeks in his petition is also release from custody, or a bond hearing. Dkt. No. 1 at 6. Because the preliminary relief sought in the motion for immediate release improperly seeks the same ultimate relief requested in the petition, the motion for immediate release is denied. Dkt. No. 3.

Finally, the Court notes that the money order Petitioner submitted for payment was returned to him because it was unsigned. *See* Dkt. No. 1. Therefore, the Court orders Petitioner to pay the $5.00 filing fee or file an application to proceed *in forma pauperis* within 30 days. Petitioner's failure to comply with this order may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is directed to provide Petitioner, with service of this order, a form application to proceed *in forma pauperis*.

This habeas petition remains pending, and once the filing-fee deficiency is cured, the Court will enter a separate order requiring a response from the respondent and setting a schedule for briefing.

So ordered on February 17, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE